# IN THE COURT OF APPEALS OF IOWA

No. 21-0949
Filed September 22, 2021

**IN THE INTEREST OF J.C.,**
**Minor Child,**

**H.Z., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Woodbury County, Mark C. Cord III, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Molly Vakulskas Joly of Vakulskas Law Firm, P.C., Sioux City, attorney for appellant mother.

Thomas J. Miller, Attorney General and Ellen Ramsey-Kacena and Diane Murphy Smith, Assistant Attorneys General, for appellee State.

Maxine Buckmeier, Sioux City, attorney for minor child.

Dean Fankhauser, Sioux City, guardian ad litem for minor child.

Considered by Mullins, P.J., and May and Ahlers, JJ.

**AHLERS, Judge.**

J.C. was born in July 2018. On November 24, the parents took the child to a hospital in Sioux City, where doctors identified blood on the child's brain. The child was transferred to a hospital in Omaha, Nebraska, where doctors discovered retinal hemorrhages. A child abuse pediatrician at the Omaha hospital diagnosed the child with abusive head trauma, which she described as occurring "when a child has multiple injuries which are due to an adult or another person harming them." The parents denied harming the child, and they denied knowing of any recent injuries to the child. The Iowa Department of Human Services (DHS) investigated the child's injuries and eventually issued a founded child abuse assessment for physical abuse with an unknown perpetrator. On November 30, the juvenile court removed the child from the parents' care. On August 22, 2019, the court adjudicated the child as in need of assistance. On November 8, the court issued an order returning the child to the mother's care. In this order, the court found the mother has been cooperating with DHS though her "honesty regarding what brought [the child] to the attention of [DHS] needs to be addressed."

On January 28, 2020, less than three months after the child was returned to the mother's care, the mother called an ambulance for the child because he was having a seizure. The child was again admitted to a Sioux City hospital and then transferred to an Omaha hospital. Doctors again discovered the child had retinal hemorrhaging. Doctors also noted the child had a possible healed arm fracture and bruising on both ears, forehead, abdomen, and torso. The mother asserted the child recently fell from a crib, but the parents otherwise denied any knowledge

of a recent injury to the child. On January 31, while the child remained in the hospital, the child was again removed from the mother's care.

The matter proceeded to a termination hearing on multiple dates in 2020. The child's foster parents filed a motion to intervene and for guardianship, resulting in additional hearings in 2021. At the conclusion of the hearings, the juvenile court issued its order terminating the parental rights of the mother under Iowa Code section 232.116(1)(h) (2020).[1] The mother appeals.

"We review termination of parental rights de novo." *In re W.M.*, 957 N.W.2d 305, 312 (Iowa 2021). "We are not bound by the factual findings of the juvenile court, though we give them respectful consideration, particularly with respect to credibility determinations." *Id.*

We follow a three-step analysis in reviewing the termination of parental rights to (1) determine whether a statutory ground for termination exists, (2) evaluate whether the best interests of the child favor termination, and (3) consider whether a permissive factor precludes termination. *See In re P.L.*, 778 N.W.2d 33, 40–41 (Iowa 2010). We need not review any step not disputed by the parent. *See id.*

The mother begins by challenging whether the State proved termination is appropriate under Iowa Code section 232.116(1)(h), which allows the juvenile court to terminate parental rights if it finds all of the following:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

---

[1] The juvenile court also terminated the parental rights of the named father and any unknown biological father. No one claiming to be the father appeals.

> (3)  The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
>
> (4)  There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother only challenges the fourth element, that the child could not be returned to her at the time of the termination hearing.  *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the statutory language "at the present time" to mean "at the time of the termination hearing").  The mother asserts she has appropriate housing for the child and "excellent parenting skills."  However, the mother fails to fully grapple with the injuries the child suffered while in the mother's care.

In total, the child has been in the mother's care for less than seven months.  In that time the mother has twice rushed the child to the hospital for emergency medical care due to retinal hemorrhaging and other injuries.  The doctors who treated the child unequivocally conclude the injuries to the child—including bruising and a possible broken arm—are the result of physical trauma.  The mother's alternate theories of injury are unpersuasive.  Nothing in the record supports the theory that the child's injuries resulted from simply falling from a crib.  The mother's suggestion that an illness could have caused the injuries is undercut by the guardian ad litem's testimony that she did not notice anything unusual with the child the day before the trip to the emergency room and by medical records prior to the injury that do not note illness.  The mother presented an expert witness who theorized the child's medical issues could result from lack of oxygen at birth.  However, her expert also did not rule out trauma as a cause, concluding only "there is no reason not to believe the parents' claim of no trauma."  Of all the child's

medical issues, both confirmed and unconfirmed, the most serious issues may be permanent damage from the injuries suffered while in the mother's care. Perhaps most tellingly, the child has been in foster care for a total period of more than twenty-four months by the end of the termination hearing. In that time, the child has suffered no additional bouts of retinal hemorrhaging. The child's foster mother testified the only serious issue the child has had in her care is a broken leg from an accidental fall.

Even though the evidence overwhelmingly points to physical trauma as the cause of the child's injuries, the mother has been unable or unwilling to identify the source of the trauma. In her petition to us, the mother only concedes "abuse *may* have occurred in 2018" and "she denies causing nor knowing who caused any injuries." Because the mother has not identified the source of the child's trauma on multiple occasions, serious questions remain about the mother's fitness as a parent and the child would not be safe if returned to her care. Thus, we agree the State proved a ground for termination under section 232.116(1)(h).

The mother also argues that terminating her parental rights is not in the child's best interests. *See* Iowa Code § 232.116(2). In doing so, she asserts she has a strong bond with the child, which is a permissive factor that may preclude termination. *See id.* § 232.116(3)(c). As explained above, the child twice suffered a traumatic injury while in the mother's care, and the mother has not identified the source of this injury. Because the mother has not shown she can protect the child from traumatic injury, termination is in the child's best interests. The bond between mother and child also cannot overcome the danger to the child while in the mother's care. To the extent the mother requests a guardianship in lieu of

termination, we do not find a guardianship to be appropriate. *See In re A.S.*, 906 N.W.2d 467, 477 (Iowa 2018) ("[A] guardianship is not a legally preferable alternative to termination." (quoting *In re B.T.*, 894 N.W.2d 29, 32 (Iowa Ct. App. 2017))).

**AFFIRMED.**